PER CURIAM.
On our own motion we have promulgated an amendment to the commentary to Canon 3D of the Florida Code of Judicial Conduct. Canon 3D concerns what action a judge should take for an attorney’s or another judge’s misconduct, and it appears that the new Code of Judicial Conduct has created some confusion regarding this issue since its adoption in 1994. The following amendment and modification to the commentary of Canon 3D should eliminate any perceived ambiguity in the Canon and its requirement: Commentary:
Appropriate action may include direct communication with the judge or lawyer who has committed the violation, other direct action if available, or reporting the violation to the appropriate authority or other agency. If the conduct is minor, the Canon allows a judge to address the problem solely by direct communication with the offender. A judge having knowledge, however, that another judge has committed a violation of this Code that raises a substantial question as to that other judge’s fitness for office or has knowledge that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to the lawyer’s honesty, trustworthiness or fitness as a lawyer in other respects, is required under this Canon to inform, the appropriate authority. While worded differently, this Code provision has the identical purpose as the related Model Code provisions.
We grant any interested parties 60 days to file comments in this Court concerning this amendment to the commentary to Canon 3D.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.